IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

_____

|   |   |   |
|---|---|---|
| WWTS B.V., INEXT HOLDING B.V., DIGINEXT B.V. and MULTINEXT B.V., | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | Civil Action No.  05-770 GMS |
| SMITH MICRO SOFTWARE, INC. | ) ) | Demand for Jury Trial |
| Defendant. | ) ) ) | |

_____

## ANSWER TO COUNTERCLAIMS

Plaintiffs WWTS B.V., Inext Holding B.V., Diginext B.V. and Multinext B.V. (jointly referred to as "Diginext"), by their undersigned attorneys, answer Defendant Smith Micro Software's Counterclaims as follows:

1.      Diginext admits the allegations in paragraph 1.

2.      Diginext denies the allegations in paragraph 2.

3.      Diginext admits the allegations in paragraph 3.

4.      Diginext admits the allegations in paragraph 4.

5.      Diginext admits the allegations in paragraph 5.

6.      Diginext denies the allegations in paragraph 6.

7.      Diginext admits the allegations in paragraph 7.

8.      Diginext admits the allegations in paragraph 8.

9.      Diginext admits the allegations in paragraph 9.

10.      Diginext states that it is without sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 10, and therefore denies the allegations.

11.      Diginext admits the allegation in paragraph 11 that in February 2005  Bruce

Quigley called Edsard Ravelli, Diginext's President, and expressed an interest in purchasing Diginext, and otherwise denies the allegations in paragraph 11.

12.     Diginext admits the allegation in paragraph 12 that the parties entered into a Confidentiality Agreement dated February 28, 2005, and states that the complete terms of the agreement are contained in the agreement itself, and on that basis denies the remaining allegations in paragraph 12.

13.     Diginext admits the allegation in paragraph 13 that it provided information to Smith Micro on or about March 31, 2005 in an "Information Memorandum" and "Product and Service Description", and otherwise denies the allegations in paragraph 13.

14.     In response to the allegations in paragraph 14, Diginext states that the complete information contained in the Information Memorandum is contained in the document itself, and on that basis denies the allegations in the first sentence of paragraph 14.  Diginext denies the remaining allegations in paragraph 14 as mischaracterizing the statements and representations.

15.     Diginext denies the allegations in paragraph 15.

16.     Diginext denies the allegations in paragraph 16.

17.     Diginext denies the allegations in paragraph 17.

18.     Diginext denies the allegations in paragraph 18.

19.     Diginext denies the allegations in paragraph 19.

20.     Diginext denies the allegations in paragraph 20.

21.     Diginext denies the allegations in paragraph 21.

22.     Diginext admits the allegations in paragraph 22.

23.     Diginext denies the allegations in paragraph 23.

24.     Diginext denies the allegations in paragraph 24.

25.     Diginext denies the allegations in paragraph 25.

26.     Diginext admits that it demanded payment of the $25,000 termination fee, and otherwise denies the allegations in paragraph 26.

27.     In response to the allegations in paragraph 27, Diginext states that Smith Micro sent a check for the termination fee only <u>after</u> Diginext sent numerous demand letters and only <u>after</u> Diginext filed this lawsuit.  Diginext otherwise denies the allegations in paragraph 27.

<u>Count I – Rescission</u>

28.     In response to the allegations in paragraph 28, Diginext realleges its answers to the allegations in paragraphs 1-27.

29.     Diginext denies the allegations in paragraph 29.

30.     Diginext denies the allegations in paragraph 30.

<u>Count II – Breach of Exclusivity Agreement</u>

31.     In response to the allegations in paragraph 31, Diginext realleges its answers to the allegations in paragraphs 1-30.

32.     Diginext denies the allegations in paragraph 32

33.     Diginext denies the allegations in paragraph 33.

34.     Diginext denies the allegations in paragraph 34.

35.     Diginext denies the allegations in paragraph 35.

<u>Count III – Breach of Confidentiality Agreement</u>

36.     In response to the allegations in paragraph 36, Diginext realleges its answers to the allegations in paragraphs 1-35.

37.     Diginext denies the allegations in paragraph 37.

38.     Diginext denies the allegations in paragraph 38.

39.     Diginext denies the allegations in paragraph 39.

40.     Diginext denies the allegations in paragraph 40.

<u>Count IV – Breach of Duty to Negotiation in Good Faith</u>

41.     In response to the allegations in paragraph 41, Diginext realleges its answers to the allegations in paragraphs 1-40.

42.     Diginext denies the allegations in paragraph 42.

43.     Diginext denies the allegations in paragraph 43.

<u>Count V – Fraudulent Misrepresentations</u>

44.     In response to the allegations in paragraph 44, Diginext realleges its answers to the allegations in paragraphs 1-43.

45.     Diginext denies the allegations in paragraph 45.

46.     Diginext denies the allegations in paragraph 46.

47.     Diginext denies the allegations in paragraph 47.

48.     Diginext denies the allegations in paragraph 48.

49.     Diginext denies the allegations in paragraph 49.

50.     Diginext denies the allegations in paragraph 50.

51.     Diginext denies the allegations in paragraph 51.

52.     Diginext denies the allegations in paragraph 52.

<u>Count VI – Fraudulent Inducement</u>

53.     In response to the allegations in paragraph 53, Diginext realleges its answers to the allegations in paragraphs 1-52.

54.     Diginext denies the allegations in paragraph 54.

55.     Diginext denies the allegations in paragraph 55.

4

Count VII – Declaratory Relief

56. In response to the allegations in paragraph 56, Diginext realleges its answers to the allegations in paragraphs 1-55.

57. Diginext denies the allegations in paragraph 57.

58. Diginext denies the allegations in paragraph 59.

Affirmative Defenses

And as affirmative defenses, Diginext alleges as follows:

1. Smith Micro's claims fail to state causes of action upon which relief can be granted.

2. Smith Micro's claims are barred by virtue of Smith Micro's own prior and subsequent material breach of its express and implied obligations under the agreements.

3. Smith Micro's claims are barred because Smith Micro failed to substantially fulfill its express and implied obligations under the agreements.

4. Smith Micro's claims are barred by virtue of Smith Micro's breach of its duty of good faith and fair dealing.

5. Smith Micro's claims are barred by virtue of Smith Micro's breach of its duty to negotiate in good faith.

6. Smith Micro's claims are barred by virtue of its own fraudulent conduct.

7. Smith Micro's claims are barred by the doctrine of unclean hands.

8. Smith Micro's claims are barred by the doctrine of estoppel.

9. Smith Micro's claims are barred by the doctrine of waiver.

10. Smith Micro's claims are barred by the doctrine of laches.

11. Smith Micro's claims for fraud fail to allege the elements for fraud with

5

particularity.

12.     Smith Micro's claims for fraud are barred because Smith Micro has failed to identify specific material factual misrepresentations by Diginext which can provide the basis for an action for fraud.

13.     Smith Micro's claims for breach of the agreements are barred because Smith Micro has failed to identify the nature of the breaches.

14.      Smith Micro's claims are barred by the doctrine of novation.

15.     Smith Micro's claims for breach of confidentiality are barred because Diginext's alleged disclosure was required by law, given Smith Micro's breach of its obligations.

16.     Smith Micro's claims for breach of confidentiality are barred because Smith Micro publicly disclosed and confirmed the alleged confidential information.

17.     Smith Micro failed to mitigate its damages.

18.     Smith Micro's claims are subject to setoff and recoupment for the damages owed to Diginext by virtue of Smith Micro's wrongful misconduct.

19.      Smith Micro's claim for attorney's fees is barred because there is no basis for such an award.

WHEREFORE, Plaintiffs demand judgment against Defendant Smith Micro on all of Smith Micro's counterclaims, dismissing the counterclaims with prejudice, and awarding Plaintiffs their attorney's fees, costs, and such further relief the Court deems just and appropriate.

Dated:          December 28, 2005

                                        Respectfully submitted,

                                        GALLET DREYER & BERKEY LLP

                                        David T. Azrin (Admitted pro hac vice)
                                        845 Third Avenue – 8th Floor
                                        New York, NY 10022
                                        (212) 935-3131
                                        Email:  dta@gdblaw.com
                                        Attorneys for Plaintiffs


                                        /s/ David L. Finger_____
                                        David L. Finger (DE Bar ID #2556)
                                        Finger & Slanina, LLC
                                        One Commerce Center
                                        1201 Orange Street, Suite 725
                                        Wilmington, DE 19801-1155
                                        (302) 884-6766

                                        Attorneys for Plaintiffs

CERTIFICATE OF SERVICE

I hereby certify that on  December 28, 2005, I electronically filed Plaintiffs' Reply to

Counterclaims with the Clerk of Court using CM/ECF which will send notification of such filing to

the following:

> Patricia Rose Uhlenbrock, Esq.
> Morris, James, Hitchens & Williams
> 222 Delaware Avenue, 10th Floor
> P.O. Box 2306
> Wilmington, DE 19899-2306
> (302) 888-6897

> /s/ David L. Finger
> David L. Finger (DE Bar ID #2556)
> FINGER & SLANINA, LLC
> One Commerce Center
> 1201 Orange Street, Suite 725
> Wilmington, DE 19801-1155
> (302) 884-6766